**Roy WILLIAMS, Plaintiff,**

v.

**Lt. KYLER; Correction Officer Thompson; and Correction Officer Edmunston, Defendants.**

**Civ. No. 86–0905.**

United States District Court, M.D. Pennsylvania.

Dec. 4, 1986.

Roy Williams, pro se.

Gregory Neuhauser, Deputy Atty. Gen., Harrisburg, for defendants.

### MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff, a state prisoner, instituted this suit under 42 U.S.C. § 1983. His action is based upon two distinct due process claims: (1) that defendants abridged his rights by searching his cell while he was not present and by not providing him with a written explanation, thereby violating Pa. Admin. Dir. BC–ADM 203 which governs the presence of inmates during cell searches, and (2) that they abridged his rights by placing marijuana in his cell and fabricating a misconduct report against him. Defendants moved for summary judgment on the former claim, arguing that BC–ADM 203 creates no life, liberty or property interest which would trigger a due process analysis.

Magistrate Joseph F. Cimini filed a Report in this case on October 31, 1986 in which he recommended that defendants' motion for partial summary judgment be denied. The Magistrate principally relied upon the Supreme Court's decision in *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), in finding that BC–ADM 203 affords prisoners certain "rights" with regard to their presence during cell searches.[1] In *Hewitt,* the Court held that a Pennsylvania regulation and an administrative directive conferred a pro-

---

1. The law is clear that prisoners do not possess any privacy right in their cells under the Fourth Amendment. *See, e.g., Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

tected liberty interest upon state prisoners in remaining in the general prison population.

Defendants filed an Objection to Recommendation of the Magistrate on November 13, 1986. Relying upon the Supreme Court's decision in *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), they maintained that BC–ADM 203 merely establishes a procedural framework for prison personnel and does not confer any substantive rights upon prisoners. In *Olim,* the Court ruled that the mere creation of a procedural framework for handling transfers of prisoners from Hawaii to the mainland did not create a constitutionally protected liberty interest.

"[A] state may create a liberty interest protected by the Due Process Clause through its enactment of certain statutory or regulatory measures." *Hewitt v. Helms, supra,* 459 U.S. at 469, 103 S.Ct. at 870.[2] A state regulation transcends a mere procedural guideline when it uses "language of an unmistakable character," *i.e.,* when it contains "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates." *Id.* at 471–72, 103 S.Ct. at 871. A state regulation creates a substantive right when it limits the discretion of its decision-makers through "particularized standards" or "defined criteria." *Olim v. Wakinekona, supra,* 461 U.S. at 249, 103 S.Ct. at 1747.

▪ Admittedly, it is a close question as to whether BC–ADM 203 creates substantive rights for prisoners. In Section VIII, the directive contains an explicit disclaimer to the effect that it "does not create rights in any person."[3] The directive also states

that prisoners are "permitted" to be present when their cells are searched. *See* BC–ADM 203 at Section III. B. 1. A grant of permission certainly does not equate with a substantive right.

On the other hand, the directive states, "The inmate has a right to be present during an investigative search except as provided by Section II. B." *See* BC–ADM 203 at Section III. D.[4] Section II. B. states that inmates "shall" be notified of their option to remain during searches and that if the ranking officer determines, according to clearly defined criteria, not to permit an inmate's presence during a search, the ranking officer "will" prepare a writing in which the factual basis for his determination is set forth.

In short, the only firm conclusion which can be drawn from the directive is that it is self-contradictory. In the absence of a clear expression of intent by the drafters of BC–ADM 203 to create substantive rights for prisoners regarding their presence during cell searches, the court declines to find that the directive creates such substantive rights. This holding is consistent with the traditional reluctance of the Supreme Court to find substantive rights for prisoners emanating from regulations governing the daily operations of prison systems. *See Hewitt v. Helms, supra,* 459 U.S. at 469–70, 103 S.Ct. at 870. Moreover, the present case can be distinguished from the situation in *Hewitt* in that the Court found no ambiguity but only "language of an unmistakably mandatory character" in the state regulation and administrative directive which it was reviewing. In contrast, this court finds BC–ADM 203 to be a Pandora's box on the issue of whether pris-

2. The present case involves neither a state statute nor a regulation but an administrative directive. The Court in *Hewitt v. Helms, supra,* found that a protected liberty interest was created by a state regulation and an administrative directive, and the Court appears to have treated the administrative directive as equivalent to a regulation.

3. The court views this disclaimer not as dispositive of this issue but merely as evidence that the directive was not intended to create substantive rights in prisoners.

4. The court views the use of the term "right" not as dispositive of this issue but merely as evidence that BC–ADM 203 was meant to create substantive rights in prisoners.

BC–ADM 203 distinguishes three different types of cell searches which are labeled "investigative," "random" and "general search after an unusual incident." *See* BC–ADM 203 at Section III. D. There is not yet any evidence in the record indicating which type of search was conducted on plaintiff's cell during the incident in question.

oners have a "right" to be present during cell searches.

Since plaintiff has not established that he was entitled to due process, the court will grant defendants' motion for partial summary judgment.

An appropriate Order will enter.

### ORDER

NOW, this 3rd day of December, 1986, in accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Summary judgment is entered in favor of defendants and against plaintiff on his claim that defendants violated his due process rights by failing to adhere to the provisions of Pa. Admin. Dir. BC–ADM 203.

(2) This case is remanded to Magistrate Joseph F. Cimini for further proceedings.