580 A.2d 923

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**BOARD OF CLAIMS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Oct. 1, 1990.

David L. Horwitz, Asst. Counsel, Camp Hill, for petitioner.

Frederick W. Andrews, Harrisburg, for respondent.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for our consideration is a petition for review in our original jurisdiction filed by the Pennsylvania Department of Corrections (Department) which seeks the issuance of a writ of prohibition to restrain the Board of Claims (Board) from exercising its jurisdiction over a claim pending before it, *Ellerbe v. Department of Corrections*, Docket No. FC–787–89, because the claim does not fall within the subject matter jurisdiction of the Board. The Board has filed a motion for summary relief and the Department has filed a cross-motion for summary judgment.

The genesis of this matter was a July 7, 1989 letter to the Board from Collie Ellerbe, a prisoner incarcerated at the State Correctional Institution at Camp Hill (SCIC), which sought advice as to how to file a claim against the Department. The Board considered this letter a claim, and accepted it under its jurisdiction pursuant to Section 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–4 (Act). Based upon our review of the record, the following facts are undisputed.[1] At all times relevant to this matter, Collie Ellerbe was a prisoner incarcerated at SCIC. Various items of Ellerbe's personal property were confiscated from his cell in the general prison population on September 28, 1988 because he was removed to the Restricted Housing Unit (RHU) as the result of a fight with another inmate. Inmates confined in the RHU are not permitted to possess personal property. At some later date, Ellerbe was transferred to the prison hospital but his property remained in possession of the prison au-

1. Pursuant to Pa.R.C.P. No. 1035(b) we may only grant summary judgment where, upon examination of the record in the light most favorable to the non-moving party, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *O.S.C. Co. v. Lackawanna River Basin Sewer Authority*, 121 Pa.Commonwealth Ct. 570, 551 A.2d 376 (1988). Summary relief may be granted "if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b).

thorities. Upon his release from the hospital into the general population he requested the return of the confiscated property. Ellerbe now alleges that the only confiscated property returned to him was his footlocker, which was broken. Having established these facts, we now determine whether they evidence a contractual relationship between Ellerbe and the Department so as to vest jurisdiction of his action in the Board.

The dispositive question before us is whether, based on the facts pleaded, the Board improperly asserted jurisdiction over Ellerbe's claim such that a writ of prohibition should issue from this Court. In *Carpentertown Coal and Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948), our Supreme Court reviewed the circumstances under which a writ of prohibition may issue, to wit:

> The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise.

*Id.*, 360 Pa. at 102, 61 A.2d at 430.

In a more recent decision, *Akron Borough v. Pennsylvania Public Utility Commission*, 453 Pa. 554, 310 A.2d 271 (1973), the Court noted this standard but stated further that "[i]t is true, however, that prohibition can be utilized to prevent the assertion by an inferior tribunal of a *clearly* erroneous claim of jurisdiction." *Id.*, 453 Pa. at 561, 310 A.2d at 275 (emphasis in original). The *Akron* court further elaborated that:

> The purpose of prohibition is to shut off the necessity of going through a hearing, a trial, before a tribunal that has no power to deal with the subject matter at all. Prohibition is not appropriately used to forestall a merely

erroneous exercise of jurisdiction. On the other hand, it exactly fills the bill if the tribunal can in no circumstances whatsoever act validly as to the subject matter involved in the hearings it proposes to conduct.

... In such an instance the defendant would not have to suffer as patiently as possible through a hearing before a powerless tribunal and then seek to set aside its empty judgment; instead, he could stop the nonsense at the outset by obtaining a writ of prohibition.

*Id.* (quoting Gellhorn & Byse, Administrative Law 138 (1970)). Therefore, if the Department can establish that the Board's assertion of jurisdiction in this matter is *clearly* erroneous,[2] then a writ of prohibition may issue.

Section 4 of the Act provides:

The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts here-after entered into with the Commonwealth, where the amount of controversy amounts to $300.00 or more. The board shall also have exclusive jurisdiction to hear and determine those claims authorized by the act of March 30, 1811 (P.L. 145, Ch. XCIX), entitled "An act to amend and consolidate the several acts relating to the settlement of the public ac-counts and the payment of the public monies, and for other purposes," and continued by Article X, act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code," wherein the Auditor General and State Treasurer were granted the power to adjust and settle certain claims against the Commonwealth.

■ The Board relies on The Fiscal Code provision of Section 4. Under Section 405 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. § 405, the Board is empowered to "examine and adjust, according to law and equity, the accounts of all persons ... having

---

**2.** We note that the Department does not challenge the authority of the Board to determine initially that it had jurisdiction under the Fiscal Code, and properly so. As noted in *Akron,* a writ of prohibition does not issue to forestall a tribunal's determination of jurisdiction.

claims against the Commonwealth." The Board's Fiscal Code jurisdiction concerns actions in assumpsit upon certain specified claims which allege express, implied or quasi-contracts with the Commonwealth. *See* 61 Pa.Code § 851.2.[3]

In a recent decision which interpreted, generally, the parameters of the Board's jurisdiction, *Finkbiner v. Medical Professional Liability Catastrophe Loss Fund*, 119 Pa.Commonwealth Ct. 243, 546 A.2d 1327 (1988), *aff'd per curiam*, 523 Pa. 101, 565 A.2d 157 (1989), we held that where a health care provider's participation in the CAT fund is not consensual, but is instead required by statute, there is no mutual assent between the parties and, therefore, no contractual relationship exists between the provider and the fund. As such, because there was no contractual relationship between the provider and the fund, the Board was without jurisdiction over an action alleging a bad faith refusal to settle a malpractice claim. While *Finkbiner* did not focus specifically on the Board's Fiscal Code jurisdiction, we believe its analysis applies to all aspects of the Board's jurisdiction.

 The undisputed material facts in this case are that the Department confiscated Ellerbe's property and withheld it from him in the exercise of its authority to administer discipline at SCIC. By its very nature the confiscation was not consensual and, therefore, as in *Finkbiner*, the mutual assent necessary for the formation of a contractual relationship was absent. Accordingly, based on the undisputed facts, we conclude that there was no contractual relation-

---

**3.** This regulation states:
> The Board of Claims shall examine and adjust claims against the Commonwealth arising from:
> (1) The furnishing of goods or services, or both, to the Commonwealth, where the furnishing of the goods or services, or both, is not within the terms of a valid, existing contract between the Commonwealth and the claimant, or, if under a contract between the Commonwealth and the claimant, where the amount of the claim is less than $300.
> (2) Action or inaction by Commonwealth employes giving rise to an implied contract to compensate the claimant.

61 Pa.Code § 851.2.

ship in this matter and that the Board is thus without jurisdiction.[4]

The Board's motion for summary relief is denied, and the Department's cross-motion for summary judgment is granted.

## ORDER

NOW, October 1, 1990, the motion for summary relief filed by the Board of Claims in the above-captioned matter is denied and the cross-motion for summary judgment filed by the Department of Corrections is granted. Further, we order that a writ of prohibition issue upon the Board of Claims and the Board is directed to dismiss the claim of Collie Ellerbe, Docket No. FC–787–89, with prejudice.

---

**4.** We likewise reject any notion advanced by the Board that there was a contractual obligation in the nature of a bailment. As the basis of the bailor-bailee relationship was described in *Todd v. Figley,* 7 Watts 542, 543 (1838), "every species of bailment is founded upon a *contract,* either *expressed* or *implied....*" (Emphasis in original.) Because neither exists here, there can be no bailment.