Jeffrey D. CROCKETT, Appellant,

v.

**EDINBORO UNIVERSITY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2002.

Decided Dec. 2, 2002.

Gary H. Nash, Erie, for Appellant.

Thomas G. Eddy, Pittsburgh, for Appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, J., FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Jeffrey Crockett appeals the order of the Court of Common Pleas of Erie County granting Edinboro University's preliminary objections and dismissing Crockett's complaint on the ground that the action is barred by sovereign immunity.

In April 2001, Crockett filed a civil action against the University alleging violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Law)[1] and debt collection trade practices regulations and the federal Fair Debt Collection Practices Act[2] in connection with the University's withholding Crockett's college transcript and degree until he satisfied his education assistance loans obtained through the Pennsylvania Higher Education Assistance Agency (PHEAA).[3]

On May 31, 2001, the Office of Attorney General removed the matter to the U.S. District Court for the Western District of Pennsylvania. By order dated March 6, 2002, the District Court dismissed the federal law claim on the University's motion for summary judgment, declined to exercise supplemental jurisdiction over the state law claim, and granted Crockett's motion to remand the state law claim.

 After remand, the Attorney General, on behalf of the University, filed preliminary objections in the nature of a demurrer averring that the state law claim is barred by sovereign immunity[4] and in the alternative, that the University is not a person within the meaning of the Law. The trial court sustained the objections and dismissed the complaint. Citing *Sugalski v. Commonwealth,* 131 Pa.Cmwlth. 173, 569 A.2d 1017 (1990), among other cases, the trial judge concluded that the action is barred by sovereign immunity and that the claim does not fall within the personal property exception to immunity because the property held by the University did not cause Crockett's harm.

 The Commonwealth and its agencies are immune from suit except where the General Assembly specifically waives immunity. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521. A Commonwealth party is not liable unless 1) the alleged act of the Commonwealth party is a negligent act for

---

1. Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§ 201–1—201–9.3

2. 15 U.S.C. §§ 1692–1692o.

3. Crockett attended Edinboro University from 1980 through 1987. Crockett did not meet the educational requirements to complete his degree within the traditional four-year period, and his PHEAA loans became due before he graduated.

4. The trial court ruled that the Attorney General properly raised the affirmative defense of sovereign immunity in preliminary objections rather than filing an answer and new matter because on the face of Crockett's complaint the cause of action did not fall within any of the exceptions to sovereign immunity. Crockett did not appeal this ruling.

which damages would be recoverable under the common law or by statute, 42 Pa.C.S. § 8522(a), and 2) the act of the Commonwealth party falls within one of the exceptions listed in 42 Pa.C.S. § 8522(b). The exceptions must be strictly construed and narrowly interpreted. *Bufford v. Pa. Department of Transportation,* 670 A.2d 751 (Pa.Cmwlth.1996).

Although the trial court dismissed Crockett's complaint as barred by sovereign immunity under the second part of the test after concluding that the personal property exception of 42 Pa.C.S. § 8522(b)(3) does not apply, the cause of action fails to meet the first condition for imposing liability. Crockett's complaint states a claim under the Unfair Trade Practices and Consumer Protection Law for alleged unfair acts and deceptive practices in connection with the University's refusal to issue his diploma, allegedly awarded on December 18, 1987, and undergraduate transcript. More specifically, the complaint alleges that the University violated the Debt Collection Trade Practices regulations formerly found at 37 Pa. Code §§ 303.1–303.9 [5] when, acting as debt collector, it falsely represented the character, extent, amount, or status of the debt; threatened that nonpayment of the debt would result in arrest or imprisonment or seizure of property or wages; threatened the use of unlawful action to coerce payment of the debt; pursued collection with the knowledge that another is attempting to collect the same debt; and abused and harassed Crockett in connection with collecting the debt. The complaint further alleges that the University violated the Law by misrepresenting that it had a connection or affiliation with PHEAA in refusing to issue his diploma. All of the allegations in Crockett's complaint refer to intentional misconduct, and none of the allegations can be construed as alleging a negligent act for which damages may be recoverable. Because the acts alleged are not negligent acts, Crockett's action is barred by sovereign immunity, and we need not address Crockett's argument that the trial court erred in applying the personal property exception to sovereign immunity.

Accordingly, we affirm the trial court's order dismissing the complaint.

### ORDER

AND NOW, this 2nd day of December 2002, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.

---

**5.** Repealed by Section 6 of the Fair Credit Extension Uniformity Act, Act of March 28, 2000, P.L. § 23, 73 P.S. § 2270.1–2270.6, effective July 1, 2000.