# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Ross,                           :
                    Petitioner            :
                                          :
              v.                          :
                                          :
Dr. Robert J. Marsh, Jr.,                 :
Superintendent; Tabb Bickell,            :
Regional Manager; and John E.            :
Wetzel, Secretary of Corrections,        :    No. 182 M.D. 2019
                    Respondents           :    Submitted: August 16, 2019


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: October 11, 2019


Before the Court are the Pennsylvania Department of Corrections (Department) Secretary John E. Wetzel, State Correctional Institution (SCI) Benner Township (Benner) Superintendent Dr. Robert J. Marsh, Jr., and the Department's Regional Manager Tabb Bickell's (Bickell) (collectively, DOC) preliminary objections (Preliminary Objections) to Salvatore Ross' (Ross) pro se amended petition for review (Amended Petition) filed in this Court's original jurisdiction. After a thorough review, the Court sustains the Preliminary Objections, and dismisses the Amended Petition.


## Background

On March 26, 2018, the Department notified "[a]ll [i]nmates" that, "[e]ffective immediately, Timberland and Rocky boots are no longer permitted to be

purchased by inmates." Amended Petition, Ex. B (2018 Policy). On April 3, 2018, the Department issued a "MEMO" stating: "[E]ffective May 11, 2018, Timberland and Rocky boots are no longer permitted by [i]nmates." Amended Petition, Ex. B (2018 Memo). The 2018 Memo provided the procedures by which the institution would implement the 2018 Policy. Ross filed a grievance in accordance with the Department's inmate grievance policy DC-ADM 804, and exhausted administrative procedures, however, the Chief Grievance Officer never replied to Ross' appeal. On May 6, 2018, Ross filed a petition for review seeking a preliminary injunction (Petition) in the Centre County Common Pleas Court (trial court). On May 16, 2018, the trial court granted Ross leave to proceed in forma pauperis.

On May 18, 2018, the trial court scheduled a hearing for May 24, 2018, at 9:00 a.m. On May 24, 2018, Ross appeared at the hearing via two-way simultaneous advanced video communication device, however, DOC failed to appear and the matter was continued. On May 29, 2018, the trial court ordered Ross to serve the Petition on DOC before the trial court would take any further action.

On or about June 6, 2018, Ross effectuated satisfactory service upon DOC. On December 4, 2018, DOC filed preliminary objections to the Petition, challenging the trial court's jurisdiction to adjudicate the matter. In the interim, Ross requested and was granted a continuance. On February 25, 2019, Ross replied to DOC's preliminary objections, and acquiesced to the transfer of this matter to this Court. On March 12, 2019, the trial court transferred the matter to the Commonwealth Court.

**Facts**

On April 4, 2019, Ross filed an Application to Amend the Petition. Also on April 4, 2019, Ross filed a Motion for Summary Judgment. By April 8, 2019 order, this Court granted Ross' Application to Amend, accepted Ross' Amended

2

Petition, and dismissed Ross' in forma pauperis application, DOC's preliminary objections and Ross' Motion for Summary judgment as moot.

In the Amended Petition, Ross seeks: (1) a declaratory decree that DOC is a tortfeasor; (2) compensation of $100.00 as reimbursement for his Timberland boots; (3) a declaratory decree that if DOC compels inmates to work, DOC must provide an alternative to state-issued work boots; and (4) reimbursement for the costs of instituting this action. On April 15, 2019, DOC filed the Preliminary Objections alleging: (1) Ross failed to state a claim based on the Department's policy; (2) Ross failed to state a claim based on the Unfair Trade Practices and Consumer Protection Law (UTPCPL);[1] (3) Ross failed to state a claim based on the Department's Code of Ethics (Ethics Code); (4) Ross failed to state an equal protection claim; (5) Ross failed to state an implied contract claim; (6) Ross failed to state a federal due process claim;[2] and (7) Ross failed to assert a state tort claim. On May 16, 2019, Ross filed an answer to DOC's Preliminary Objections.[3]

## Discussion

Initially,

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1-201-9.3.

[2] Because the Amended Petition does not contain a due process claim, this Court will not address this preliminary objection.

[3] Both parties filed briefs in support of their respective positions.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Thus, when deciding preliminary objections, this Court's analysis is limited to the petition for review and the attachments thereto.

### DOC's Policy

In his Amended Petition, Ross avers:

> The 'statement of policy' issued and executed by [DOC] is the proximate cause to [Ross'] injury. Without the implementation and enforcement of the aforementioned 'statement of policy', [Ross] would have been permitted to keep his lawfully purchased boots pursuant to DC-ADM[]815, which provides for an exception to items no longer permitted within the institutions under the jurisdiction of [the Department]. Also known as the 'Grandfather Clause.'

Amended Petition ¶ 44.

DOC first argues that Ross cannot state a claim based on DC-ADM 815 due to the disclaimer language contained therein. DOC cites *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003), to support its position. The *Weaver* Court opined:

4

In *Jones/Seymour v. LeFebvre*, 781 F.Supp. 355 (E.D. Pa. 1991), *aff'd*, 961 F.2d 1567 (3d Cir. 1992), a policy which specifically stated that it did '**not create rights in any person nor should it be interpreted or implied in such a manner as to abridge the rights of any individual**' did not create any enforceable rights in a Pennsylvania state prison inmate. *Id.* at 359. Similarly, in *Williams v. Kyler*, 680 F.Supp. 172 (M.D. Pa. 1986), *aff'd*, 845 F.2d 1019 (3d Cir. 1988), 'disclaimer' language in a policy supported the conclusion that no enforceable rights were created by the policy.

*Weaver*, 829 A.2d at 752-53 (emphasis added).

Here, DC-ADM 815 includes the following disclaimer:

This policy does **not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual**. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the [Department].

DC-ADM 815, § VI (emphasis added).[4] Accordingly, "[t]o the extent that the policy language is dispositive, we agree that the disclaimer is sufficient to dispel any reasonable expectation that an enforceable right is created by the [Department's] policy." *Weaver*, 829 A.2d at 753. Because Ross has failed to state a claim under the Department's policy, DOC's Preliminary Objection to this claim is sustained.

## UTPCPL

In the Amended Petition: "[Ross] respectfully asserts that [the Department] has promoted and marketed the sale of TIMBERLAND boots, and ROCKY

---

[4] This Court takes judicial notice of DC-ADM 815 which appears on the Department's official website at: https://www.cor.pa.gov/AboutUs/Documents/DOCPolicies/815 Personal Property State Issued Items, and Commissary/Outside Purchases Policy (last visited September 23, 2019). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (wherein the Court took judicial notice of information found on the Department's website).

5

boots in a deceitful and unfair manner in contravention of the provisions enunciated with the [UTPCPL][.]" Amended Petition ¶ 45.

DOC contends that Ross' UTPCPL claim is barred by sovereign immunity and relies upon *Crockett v. Edinboro University*, 811 A.2d 1094 (Pa. Cmwlth. 2002), in support thereof. In *Crockett*, the petitioner's complaint included a UTPCPL claim for alleged unfair acts and deceptive practices related to the university's refusal to issue a diploma and undergraduate transcript. The *Crockett* Court explained:

> The Commonwealth and its agencies are immune from suit except where the General Assembly specifically waives immunity. A Commonwealth party is not liable unless 1) the alleged act of the Commonwealth party is a negligent act for which damages would be recoverable under the common law or by statute, and 2) the act of the Commonwealth party falls within one of the exceptions listed in [Section 8522(b) of the Act commonly referred to as the Sovereign Immunity Act,[5]] 42 Pa.C.S. § 8522(b). The exceptions must be strictly construed and narrowly interpreted.

*Crockett*, 811 A.2d at 1095-96 (citations omitted). The *Crockett* Court concluded: "Because the acts alleged are not negligent acts, [petitioner's] action is barred by sovereign immunity[.]" *Id.* at 1096. Similarly, here, because the purportedly deceitful and unfair acts are not negligent acts, Ross' UTPCPL claim is barred by sovereign immunity. Accordingly, DOC's Preliminary Objection to this claim is sustained.

---

[5] 42 Pa.C.S. §§ 8521-8527.

6

**Ethics Code**

Ross further alleges in his Amended Petition:

> [DOC is] in violation of [Section B1 of the Ethics Code] which states that in part that [sic] vengeful or discriminatory treatment of inmates will not be tolerated, in that, [DOC has] acted in a vengeful, retaliatory, and discriminatory manner towards [Ross] as well as the inmate population for the act of one person.
>
> [DOC is] violative [sic] of [Section B7 of the Ethics Code], in that, the policy states, in part, that the inmate's property is to be treated with extreme care and disposed of only in [sic] properly designated authority, and in the manner designated by [Department] policy. [DOC] never issued a policy, but instead issued a 'statement of policy' which is only a description of the interpretation of an established policy.

Amended Petition ¶¶ 49-50.

DOC contends that Ross is not entitled to relief under the Ethics Code because administrative regulations and policies do not create rights in prisoners. DOC cites *Tillman v. Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 327 M.D. 2016, filed June 9, 2017), *aff'd*, 189 A.3d 423 (Pa. 2018)[6] (*Tillman* 2017) in support of its position. Therein, this Court stated:

> [The Department] filed preliminary objections, [to inmate's mandamus action] asserting, *inter alia*, that [i]nmate failed to state a cause of action for a writ of mandamus for alleged violations of its [Ethics Code] by [the Department's c]ounselor because its administrative policies do not create any enforceable rights in inmates; in an unreported opinion, *Tillman v.* [*Pa.*] [*Bd.*] *of Prob*[.][*&*] *Parole* [*(Tillman* 2013*)*] (Pa. Cmwlth. No. 575 M.D. 2011, filed February 22, 2013), this Court agreed, and sustained the preliminary objections.

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported opinions are not binding precedent, but may be cited for their persuasive value.

> *See also*, *Tillman v.* [*Pa.*] [*Bd.*] *of Prob*[.][*&*] *Parole*[] (Pa. Cmwlth. No. 575 M.D. 2011, filed December 2, 2014).

*Tillman* 2017, slip op. at 5-6.

> Further,

> [i]n *Bullock v. Horn*, 720 A.2d 1079 (Pa. Cmwlth. 1998), this Court noted that administrative regulations or policies do not create any rights in inmates. A review of the [Ethics Code], . . . reflects that the [Ethics] Code is identified as 'rules and regulations' in the document itself. This Court agrees with [the Department] that the [Ethics Code] does not create a clear right to relief in [petitioner].

*Tillman* 2017, slip op. at 6 n.6 (quoting *Tillman* 2013, slip op. at 12-13). For the reasons this Court previously explained, the Ethics Code does not create a clear right to relief in Ross. Accordingly, DOC's Preliminary Objection to this claim is sustained.

## Equal Protection

Ross avers in the Amended Petition: "Female inmates under the jurisdiction of [the Department] **were not affected** by [the] 'statement of policy' implemented by [DOC], and female inmates are in similarly situated circumstances as male inmates, therefore this practice by [DOC] is violative [sic] of the [E]qual [P]rotection[] [C]lause."[7] Amended Petition ¶ 52 (emphasis added).

DOC argues that Ross is not entitled to relief under the Equal Protection Clause because all inmates are banned from possessing Timberland boots. In support of its position, DOC cites *Isley v. Beard*, 841 A.2d 168, 172 n.10 (Pa. Cmwlth. 2004),

---

[7] The Equal Protection Clause is included in Section 1 of the Fourteenth Amendment to the United States Constitution, which states, in relevant part: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

8

in which this Court held: "[T]he Equal Protection Clause of the Fourteenth Amendment only requires that all persons similarly situated should be treated alike."

Here, Ross does not allege that only male inmates were banned from purchasing/possessing Timberland boots, but only male inmates were *affected* by the policy. Indeed, the 2018 Memo expressly states: "As you are aware, effective May 11, 2018, Timberland and Rocky Boots are no longer permitted by [i]nmates. Inmates were subsequently advised to make arrangements to send them home or turn them in." Amended Petition, Ex. B. The 2018 Policy provides: "Effective immediately, Timberland and Rocky boots are no longer permitted to be purchased by inmates." *Id.* Because neither the 2018 Memo nor the 2018 Policy contain a distinction between male and female inmates, the Department's policy and DOC's implementation thereof do not violate the Equal Protection Clause. Accordingly, DOC's Preliminary Objection to this claim is sustained.

### Implied Contract

"[Ross] asserts that [the Department] and [Ross] have a contract implied in fact, in that, inmates are confined and expected to adhere to policy, and in turn, [the Department's] officials are expected to uphold the very same policies which inmates are to adhere." Amended Petition ¶ 57.

DOC contends that Ross failed to state an implied contract claim because there was no mutual assent between the parties. DOC relies upon *Department of Corrections v. Board of Claims*, 580 A.2d 923 (Pa. Cmwlth. 1990), as the basis for its position.

> In a [] decision which interpreted, generally, the parameters of the Board[ of Claims'] jurisdiction, *Finkbiner v. Med*[.] *Prof*[*'l*] *Liab*[.] *Catastrophe Loss* [*(CAT)*] *Fund*, . . . 546 A.2d 1327 ([Pa. Cmwlth.] 1988), *aff'd per curiam*, . . . 565 A.2d 157 ([Pa.] 1989), we held that where a health care provider's participation in the CAT fund is not consensual,

9

but is instead required by statute, there is no mutual assent between the parties and, therefore, no contractual relationship exists between the provider and the fund.

*Board of Claims*, 580 A.2d at 925. Similarly, here, the state requires Ross to remain in prison and adhere to the Department's policies. Because there is "no mutual assent between the parties . . . , no contractual relationship exists between" the Department and Ross. *Id.* Accordingly, DOC's Preliminary Objection to this claim is sustained.

### State Torts

Ross claims in the Amended Petition: "[DOC's] been unjustly enriched, in that, [Ross] purchased the aforementioned TIMBERLAND boots under the expectancy that Ross' property would be protected under existing [Department] policies and procedures, however, as a result of [DOC's] conversion, [Ross] has suffered injury in his property." Amended Petition ¶ 60.

DOC maintains:

[Ross] fails to state a claim based on any state tort arising from the intentional regulation of property. *LaFankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992) (claims against the Commonwealth, and its officials and employees for intentional misconduct in the course of business are barred by sovereign immunity). Regulation of inmate clothing is within the course of business. This Court dismissed a conversion action challenging the boot policy. *Stringer v. Wetzel* [(Pa. Cmwlth.] No. 468 M.D. 2018[, filed ]October 16, 2018) ([p]etitioner does not have a constitutionally protected right to possess his Timberland boots).

DOC Br. at 9.

"This Court has held that when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *LaFrankie*, 618 A.2d at 1149. Here, DOC was acting within the scope of its

duties when it issued the policy and when it confiscated Ross' boots. Thus, sovereign immunity bars Ross from pursuing his state tort claims against DOC. Accordingly, DOC's Preliminary Objection to this claim is sustained.

### Remaining Claims

Finally, DOC argues that, to the extent there are any remaining claims in the Amended Petition, since, pursuant to *Bullock*, Ross is not entitled to the clothing of his choice, he cannot state a claim for relief on any basis.

> With respect to the issue of adequate clothing, a prisoner certainly is not entitled to the clothing of his choice in prison. The Eighth Amendment to the Constitution of the United States[8] has been interpreted such that a prisoner is only entitled to adequate food, clothing, shelter, sanitation, medical care and personal safety. The United States Supreme Court has defined these items as the 'minimal civilized measure of life's necessities.' *Rhodes v. Chapman*, 452 U.S. 337, . . . (1981).

*Bullock*, 720 A.2d at 1082 (citation omitted).

Further, with respect to Ross' assertion that Timberland boots are necessary for the Department's working conditions, this Court has expressly ruled that "there is a legitimate penological interest in [banning Timberland boots] from an inmate for security reasons." *Id.* "Prison officials must be accorded great deference regarding the adoption and execution of policies and practices that in their judgment are necessary to preserve internal order and maintain institutional security." *Id.* Accordingly, DOC's Preliminary Objections are sustained as to Ross' remaining claims.

---

[8] The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

11

## Conclusion

For all of the above reasons, DOC's Preliminary Objections are sustained and Ross' Amended Petition is dismissed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Ross,                               :
            Petitioner            :
                                   :
            v.                     :
                                   :
Dr. Robert J. Marsh, Jr.,                     :
Superintendent; Tabb Bickell,                 :
Regional Manager; and John E.                 :
Wetzel, Secretary of Corrections,             :      No. 182 M.D. 2019
            Respondents           :

## O R D E R

AND NOW, this 11th day of October, 2019, the Pennsylvania Department of Corrections (Department) Secretary John E. Wetzel, State Correctional Institution Benner Township Superintendent Dr. Robert J. Marsh, Jr., and the Department's Regional Manager Tabb Bickell's preliminary objections to Salvatore Ross' (Ross) pro se amended petition for review (Amended Petition) are SUSTAINED and Ross' Amended Petition is DISMISSED.

_____
ANNE E. COVEY, Judge