# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lorie Hand | : | |
| | : | |
| v. | : | No. 742 C.D. 2024 |
| | : | |
| Clinton County Housing Authority, | : | |
| Appellant | : | Argued: September 11, 2025 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge (P.)
HONORABLE MATTHEW S. WOLF, Judge

## <u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:  October 20, 2025


The Clinton County Housing Authority (Authority) appeals from the May 6, 2024 decision of the Clinton County Court of Common Pleas (trial court). The trial court denied the Authority's motion for judgment on the pleadings (Motion).  In the Motion, the Authority argued that under Chapter 85, Subchapter B of the Judicial Code, 42 Pa. C.S. §§ 8521-27, commonly known as the Sovereign Immunity Act (Act),[1] it enjoys sovereign immunity from this

---

[1] It provides, in relevant part:

> Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa. C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

42 Pa. C.S. § 8521(a).  "The Commonwealth, and its officials and employees . . . , shall continue to enjoy sovereign immunity . . . and remain immune from suit except as the General Assembly shall specifically waive the immunity."  1 Pa. C.S. § 2310.

premises liability action, and that Appellee Lorie Hand failed to plead an exception to immunity. We agree that the complaint does not allege facts showing that an exception to sovereign immunity applies here. Accordingly, we reverse the trial court's order.

Hand filed the complaint in 2023, alleging the following facts. The Authority owns the apartment building at 835 Ontario Avenue in Renovo, Clinton County, Pennsylvania, and leases apartments to tenants. Hand rented an apartment in the building. Over several months, she complained to the Authority that the person living in the apartment next to hers (Neighbor) was "yelling, slamming items, standing outside [Hand's] window, staring at [Hand,] and talking to himself." Reproduced Record (R.R.) at 9a. The Authority's representatives responded that nothing could be done. Hand later told the Authority that Neighbor had smashed holes in the shared wall between the two apartments, and that Hand was afraid of Neighbor. On March 2, 2021, Neighbor fired a gun through the shared wall and at Hand's vehicle, causing damage to the vehicle. Hand called the police, who arrested Neighbor. Hand suffered mental and emotional injury from this incident and sought mental health treatment.

The complaint contains two causes of action. First, negligence, where the Authority breached its duty as a landlord to provide a safe and quiet living environment for tenants and failed to take reasonable action to correct Neighbor's behavior, ultimately causing injury to Hand. Second, that the Authority violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL)[2] by representing that it offers a safe housing environment without intending to do so.

The Authority filed preliminary objections, including on the basis of

---

[2] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1 to 201-9.3.

sovereign immunity and the complaint's failure to allege any applicable exception. The trial court overruled the preliminary objections and the Authority filed an answer and new matter, asserting immunity as a defense. The Authority then filed the Motion seeking judgment on the pleadings based, in part, on immunity. The Authority argued it is a "Commonwealth party" entitled to immunity under the Act and that the real estate exception to sovereign immunity[3] does not apply because Hand's injury was caused by Neighbor, not by a dangerous condition of the property itself.

The trial court denied the Motion in a May 6, 2024 opinion and order. It addressed and rejected all four of the Authority's arguments for judgment on the pleadings. Regarding immunity, the trial court reasoned, in relevant part:

> [W]hether a government entity may be held liable for a third party's negligence depends on whether "the negligence of the third party [was] an intervening cause that superceded [sic] the governmental entity's negligence." *Wilson*[ *v. Phila. Hous. Auth.*], 735 A.2d 172[, 174] (Pa. Cmwlth. 1999). Whether an act constitutes a superseding cause is typically a question for the jury. *Wilson*, 735 A.2d at 175.
>
> Further, for the real estate exception to apply, the negligence of a government entity must "create a defect in the real estate," a defect which "causes the injury" as opposed to "merely facilitat[ing] an injury to be caused by the acts of other persons." *Williams*[ *v. Phila. Hous. Auth.*, 873 A.2d 81, 86 (Pa. Cmwlth. 2005)]. Our Supreme Court has made clear that "whether in a particular case [plaintiff's burden of preponderance of the evidence] has

---

[3] In the real estate exception, the General Assembly has waived sovereign immunity for certain negligent "acts by the Commonwealth," including "[a] dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property." 42 Pa. C.S. § 8522(b)(4).

been met with respect to the element of causation is normally a question of fact for the jury; the question is to be removed from the jury's consideration *only where it is clear that reasonable minds could not differ on the issue.*" *Summers v. Certainteed Corn.*, 997 A.2d 1152,1163 (Pa. 2010) (emphasis added).

As such, pursuant to the above, the Court finds that the question of causation is appropriate for resolution by a jury. The Court therefore will not grant Judgment on the Pleadings in favor of [the Authority] on the basis of sovereign immunity. The Court further finds that, for the same reasons, and because it remains disputed whether [the Authority] was aware of [Hand]'s neighbor's behavior prior to March 2, 2021, the Court will not grant Judgment on the Pleadings in [the Authority]'s favor on the basis of lack of duty.

R.R. at 196a-97a. The Authority appealed to this Court.

On appeal,[4] the Authority raises a single issue: whether the trial court erred in denying judgment on the pleadings because the Authority is entitled to immunity as a Commonwealth party. As part of that issue, the Authority maintains that no exception to sovereign immunity applies based on the facts alleged in the complaint.

We first address whether the trial court's order denying the Motion was immediately appealable because that controls whether we have jurisdiction.[5] The Authority argues that the trial court's order effectively denied the Authority the immunity it claims and is thus appealable as a collateral order under *Brooks v. Ewing*

___

[4] Our review of a lower court's order regarding judgment on the pleadings is de novo when, as here, the issue concerns a question of law. *Piehl v. City of Phila.*, 987 A.2d 146, 154 (Pa. 2009). Appealability, which we address separately, is also "a question of law, over which our standard of review is de novo and our scope of review is plenary." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 365 (Pa. 2021).

[5] On October 8, 2024, the Court directed the parties to address whether the May 6, 2024 order was appealable in their principal briefs.

*Cole, Inc.*, 259 A.3d 359, 373 (Pa. 2021).  The Authority argues that if the order is not immediately appealable, the Authority would lose its immunity protection from suit by being forced to proceed through discovery and trial to a final judgment before it could appeal the immunity determination.  In response, Hand cites *McKinney v. City of Philadelphia*, 552 A.2d 1169, 1170 (Pa. Cmwlth. 1989), where we held that a trial court's denial of a motion for judgment on the pleadings did not meet the test for a collateral order.

As we have recognized, in *Brooks*, the Pennsylvania Supreme Court held that "adverse orders on the issue of governmental immunity are immediately reviewable as collateral orders because the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *West ex rel. S.W. v. Pittsburgh Pub. Sch.*, 327 A.3d 340, 343 (Pa. Cmwlth. 2024) (en banc) (citing *Brooks*).  We have applied *Brooks* to allow collateral appeal of a denial of judgment on the pleadings based on sovereign immunity.  *Vello v. DeMarco*, ___ A.3d ___ (Pa. Cmwlth., No. 526 C.D. 2024, filed July 10, 2025), slip op. at 10, 2025 WL 1901081.  Like in *Vello*, we can address the immunity defense here based on the pleadings without finding facts or analyzing the merits.  *See id.*  We reject Hand's reliance on pre-*Brooks* caselaw holding otherwise.  We agree with the Authority that the trial court's May 6, 2024 order denying its immunity claim is immediately appealable, and we turn now to that question.

The Authority argues it is entitled to sovereign immunity from both the negligence and UTPCPL claims.[6]  The Authority first explains—without dispute from Hand—that, as an "authority," it is a "Commonwealth party" that generally has

---

[6] *See* Authority's Br. at 17 n.3.

5

immunity. 42 Pa. C.S. §§ 102, 8501. The Authority notes that "the general assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations." *Snyder v. Harmon*, 562 A.2d 307, 311 (Pa. 1989). It argues that the only possibly relevant exception in this case is the real estate exception in 42 Pa. C.S. § 8522(b)(4). The Authority points out that to invoke that exception, a complaint must at least allege that that a defect in the real property *itself* was a contributing cause to the plaintiff's injury. Here, the Authority maintains, Neighbor caused the injury through criminal acts, and the complaint does not allege any condition *of the property* whatsoever that contributed to the injury. The Authority compares this case to *Williams*, which the trial court cited, where we held that a housing authority was immune from claims against it after a resident shot the plaintiff, because the injury arose entirely from criminal acts of a third party. The Authority would distinguish *Wilson*, on which the trial court relied, which involved a third party shoving the plaintiff, causing her to strike her head on a metal pole protruding from a housing authority's property. In the Authority's view, the trial court erred by failing to closely analyze what the complaint alleges here—specifically, that it does *not* allege any dangerous condition in the real estate like the metal pole discussed in *Wilson*.

Hand argues the real estate exception to immunity applies to any kind of dangerous condition present on Commonwealth realty. In support, Hand cites *Allstate v. Philadelphia Housing Authority*, 414 F. Supp. 3d 732 (E.D. Pa. 2019). There, a plaintiff was injured when a squatter in one of the Authority's abandoned properties started a fire. The United States District Court for the Eastern District of Pennsylvania held that the real property exception defeated the Authority's sovereign immunity because the Authority had allowed the building to become

6

abandoned with no electricity, running water, working locks, or working smoke detectors, and these dangerous conditions enabled the fire that caused the injury. Hand analogizes this case to *Allstate*, arguing that here the dangerous condition is the Authority's allowing Neighbor to remain on the property despite knowing of the erratic, unsafe behavior that preceded the shooting.

The Pennsylvania Supreme Court has stated:

> Because the [G]eneral [A]ssembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations, we must strictly construe [the] real property exception [to immunity]. We also are not free to change the clear meaning of the words to reach a desired result if the statutory language is unambiguous. The unambiguous language of Section 8522(b)(4) [of the Sovereign Immunity Act] in relevant part provides "A dangerous condition of Commonwealth agency real estate". These key words indicate that a dangerous condition must derive, originate from or have as its source the Commonwealth realty.
>
> . . . .
>
> We hold, therefore, that sovereign immunity is waived pursuant to 42 Pa. C.S. § 8522(b)(4), where it is alleged that the artificial condition or defect *of the land itself* causes an injury to occur. The corresponding duty of care a Commonwealth agency owes to those using its real estate, is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used.

*Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989) (citations and footnotes omitted) (emphasis added).

We agree with the Authority that the facts alleged in this case do not invoke the real estate exception. "[T]he negligence must create a defect in the real

7

estate. Further, it must be the dangerous condition or defect in the real estate that causes the injury." *Williams*, 873 A.2d at 86 (citing *Snyder*). In *Williams*, the plaintiff alleged that defective security devices facilitated assault by a third party. We found that allegation insufficient to invoke the real estate exception, even though it identified a specific physical quality of the land (the security devices) that was involved, because the injuries "were caused by a bullet, not by a physical feature of the [h]ousing [p]roject." *Id.* at 88. We conclude this case is controlled by *Williams* because the complaint here alleges even less—it does not identify any plausible condition of the real estate that contributed to Hand's injury. It identifies only Neighbor's presence on the property and Neighbor's behavior.

Caselaw on superseding causes does not compel a different result. Those cases include the federal decision in *Allstate*, which Hand cites, and *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987), *abrogated as recognized in Wilson*, 735 A.2d at 176. As we explained in *Wilson*, those cases involve "the issue of concurrent causation and joint liability, [where] our Supreme Court held that a governmental entity could be held liable even if another party was also at fault if [the government's] negligence was a substantial cause in bringing about the accident." *Wilson*, 735 A.2d at 175 (citing *Powell v. Drumheller,* 653 A.2d 619 (Pa. 1995)). But a dangerous condition "of the real estate itself" still must be alleged. *Id.* at 174. In *Wilson*, the complaint alleged that a physical feature of the property—a metal pipe protruding from the ground—contributed to the plaintiff's injury when the plaintiff was assaulted. We found that allegation sufficient to overcome the government entity's immunity defense and send the issue of whether the pipe was a feature "of" the real estate to the jury for factfinding. *See id.* at 176 n.9. The complaint here does not contain any alleged condition or feature of the property.

Thus, under *Williams*, we are constrained to hold that Hand has not successfully invoked the real estate exception. On that basis, we distinguish this case from *Wilson* and there is no need to analyze superseding causation.

Finally, we note that the Authority's immunity applies equally to both counts of the complaint. This includes the second count based on the UTPCPL. To the extent that count alleges negligence, it is barred by the Authority's immunity from negligence actions, since no exception applies here. To the extent Hand alleges intentional (instead of negligent) acts by the Authority that are actionable under the UTPCPL, the Authority is immune from those claims under the Act because they do not arise from negligence. *Crockett v. Edinboro Univ.*, 811 A.2d 1094, 1096 (Pa. Cmwlth. 2002). In either case, the Authority is immune.

For the foregoing reasons, we hold that the trial court erred in denying the Authority's Motion, and accordingly we reverse the trial court's order.


_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lorie Hand                                  :
                                          :
           v.                        :    No. 742 C.D. 2024
                                          :
Clinton County Housing Authority,   :
                  Appellant    :

# **O R D E R**

AND NOW, this 20th day of October 2025, the May 6, 2024 order of the Clinton County Court of Common Pleas is REVERSED.

 

                                       _____
                                         MATTHEW S. WOLF, Judge